UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RONALD KEEN and ROBIN MOONEY, | ) |
| Plaintiffs, | ) Case No. 2:16-cv-01903-JCM-GWF |
| vs. | ) **ORDER** |
| OMNI LIMOUSINE, | ) |
| Defendant. | ) |

This matter is before the Court on Defendant Omni Limousine's ("Omni") Motion to Stay (ECF No. 8), filed on September 22, 2016. Plaintiffs filed an Opposition (ECF No. 11) on October 6, 2016 and Defendant Omni filed a Reply (ECF No. 12) on October 17, 2016. The Court conducted a hearing in this matter on October 26, 2016.

## BACKGROUND

Plaintiffs Ronald Keen and Robin Mooney filed their Collective and Class Action Complaint (ECF No. 1) on August 10, 2016. Plaintiffs allege, on behalf of themselves and others similarly situated, various causes of action against Omni for unpaid wages under the Fair Labor Standards Act ("FLSA"), the Nevada Revised Statutes, and the Nevada Constitution.[1] *Complaint* (ECF No. 1). Prior to this lawsuit, other past and current employees of Omni filed a lawsuit asserting essentially identical claims on behalf of themselves and others similarly situated. *See McSwiggin v. Omni Limousine*, Case No. 2:14-cv-02172-JCM-NJK. The plaintiffs in the *McSwiggin* matter sought an extension of the deadlines for providing notice and opting in to the litigation on November 10, 2015. (*See* ECF No. 27). According to the plaintiffs' counsel, his assistant "inadvertently neglected to

---

[1] Plaintiffs specifically assert that Defendant Omni: 1) failed to pay wages for all hours worked in violation of 29 U.S.C. § 201, et. seq.; 2) failed to pay overtime in violation of 29 U.S.C. § 207; 3) failed to pay correct overtime wage in violation of 29 U.S.C. § 207; 4) failed to pay wages for all hours worked in violation of NRS 608.140 and 608.016; 5) failed to pay minimum wages in violation of the Nevada constitution and NRS 608.250; 6) failed to timely pay all wages due and owing in violation of NRS 608.140 and 608.020-050; and 7) was in breach of contract. *Complaint* (ECF No. 1).

provide the agreed upon third party administrator with the approved FLSA notice" and as a result, putative class members never received notice of the lawsuit's pendency. *Id.* at pg. 3. The District Court denied Plaintiffs request to extend the opt-in deadline on July 29, 2016 finding that Plaintiffs' counsel's neglect was inexcusable and would cause prejudice to Omni. *See Order* (ECF No. 63). The District Court did, however, advise the plaintiffs' counsel that its ruling did not prohibit prospective plaintiffs from pursuing litigation against Omni individually or as members to a separate collective action. *Id.* at pg. 5, fn. 1. Currently pending in the *McSwiggin* case is Plaintiff's Motion to Certify Class (ECF No. 35) and Omni's Motion for Decertification (ECF No. 36).

Based on the motions filed in *McSwiggin*, Omni requests that this matter be stayed pending the resolution of those motions because they will affect the instant litigation. *Motion to Stay* (ECF No. 8). Omni argues that a stay is warranted under the first-to-file rule because the current matter is duplicative of *McSwiggin* and should not be used by Plaintiffs' counsel to "hedge their bets in the event the *McSwiggin* matter is not certified." *Id.* at 2:11–12. Omni additionally asserts that a stay of this case will avoid burdensome and unnecessary expenses for both parties. *Id.* Plaintiffs do not oppose a stay of this case. They do, however, request that if a stay is granted, that the Court toll the statute of limitations so that the rights of putative opt-in plaintiffs will be protected. *Opposition* (ECF No. 11), pg. 2. Omni disagrees with the tolling request asserting that tolling is an extraordinary remedy and such a remedy is not warranted here because the stay does not prevent any putative plaintiffs from individually filing suit. *Reply* (ECF No. 12), pgs. 5–6.

## **DISCUSSION**

The district court in *Adoma v. The University of Phoenix*, 711 F.Supp.2d 1142, 1146 (D.Ariz. 2010), discusses the elements of the "first-to-file" rule as follows:

> The "first-to-file rule" is a doctrine of federal comity that permits a district court to decline jurisdiction over an action "when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94–95 (9th Cir.1982). "The most basic aspect of the first-to-file rule is that it is discretionary; 'an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts.'" *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 628 (9th Cir.1991) (quoting *Kerotest Mfg. Co. v. C–O–Two Fire Equipment Co.*, 342 U.S. 180, 183–84, 72 S.Ct. 219, 96 L.Ed. 200 (1952)). Although discretionary, the rule "serves the purpose of promoting efficiency well

and should not be disregarded lightly." *Church of Scientology of Ca. v. U.S. Dept. of Army*, 611 F.2d 738, 750 (9th Cir.1979). In applying the first-to-file rule, a court looks to three threshold factors: "(1) the chronology of the two actions; (2) the similarity of the parties, and (3) the similarity of the issues." *Alltrade*, 946 F.2d at 625–26. If this action meets the requirements of the first-to-file rule, the court has the discretion to transfer, stay, or dismiss the action. *Id.* at 622. The district court retains the discretion, however, to disregard the first-to-file rule in the interests of equity. *Id.* at 622.

While the first-to-file rule is generally utilized when actions are filed in different districts, it applies equally to instances where two or more cases are filed in the same district. In *Wallerstein v. Dole Fresh Vegetables, Inc.*, the district court found that the first-to-file rule is not limited to cases filed in different districts. 967 F.Supp.2d 1289, 1294 (N.D. Cal. 2013). Rather, the "first-to-file rule simply requires a chronology of the actions." *Id.* Additionally, the district court in *Intervet, Inc. v. Merial Ltd.*, found that "when two actions are functionally the same, except the plaintiff in one action is the defendant in the other and vice versa, and both actions are pending in the same district court ... [t]he first-to-file rule provides a reasonable means to determine which action should be dismissed." 535 F.Supp.2d 112, 114–15 (D.D.C. 2008). Therefore, the Court finds it appropriate to apply the first-to-file rule here.

In applying the threshold factors, a stay of the instant case is warranted. First, there is no doubt that the *McSwiggin* matter was filed first. The *McSwiggin* matter commenced on December 19, 2014—a little more than two months shy of two years earlier. Second, the parties in *McSwiggin* and in this case are substantially similar. Courts have held that the first-to-file rule does not require an exact identity of the parties. *Adoma,* 711 F.Supp.2d at 1147; *see also Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 951 (5th Cir.1997); *Herer v. Ah Ha Publ'g, LLC*, 927 F.Supp.2d 1080, 1089 (D.Or.2013); *Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.*, 544 F.Supp.2d 949, 959 n. 6 (N.D.Cal.2008). In analyzing the second factor in relation to collective actions, a court should compare the putative classes rather than the named plaintiffs. *Adoma*, 711 F.Supp.2d at 1147, citing *Inherent.com v. Martindale–Hubbell*, 420 F.Supp.2d 1093, 1097 (N.D. Cal.2006) and *Ross v. U.S. Bank Nat. Ass'n*, 542 F.Supp.2d 1014, 1020 (N.D. Cal.2008) (citing Cal. Jur.3d Actions § 284). Plaintiffs argue that substantial similarity does not exist because Plaintiffs, nor any putative class members who may potentially opt-in to this action, are parties in the *McSwiggin* matter. *Opposition*

3

(ECF No. 11), pg. 7.  Plaintiffs assert that the parties cannot and will never be the same because the deadlines to opt-in to the *McSwiggin* matter are closed.  *Id.*  This argument is unpersuasive.  As discussed above, exact similarity between plaintiffs is not required in analyzing the first-to-file rule.  In both actions, the class and collective groups are defined as "All current and former employees of Defendant who worked as Limousine Drivers at any time during the period of three years prior to the filing of this complaint to the date of judgment after trial." *McSwiggin Complaint* (ECF No. 1), ¶ 34 (emphasis omitted); *Keen Complaint* (ECF No. 1), ¶ 34 (emphasis omitted).  It is obvious that the *McSwiggin* plaintiffs and Plaintiffs here are substantially similar.  Therefore, the second factor weighs in favor of applying the first-to-file rule.  Finally, the parties do not dispute—and the Court agrees—that these cases involve similar issues and the same factual scenario.  *See Opposition* (ECF No. 11), pg. 7.  Thus, the third factor favors utilization of the first-to-file rule.

Next, the Court will determine whether equitable tolling of the statute of limitations is warranted.  Plaintiffs argue that tolling is necessary to protect the rights of putative opt-in plaintiffs while the case remains pending.  Omni disagrees and asserts that all other potential plaintiffs are not prohibited from individually filing a claim at any time, regardless of whether this matter is stayed.  The Court agrees with Plaintiffs that the FLSA statute of limitations should be equitably tolled for all putative class members until the stay is lifted.  The statute of limitations under the FLSA is not tolled for putative class members with the commencement of the action.  Rather, the statute of limitations continues to run until putative class members opt in to the suit by filing a written consent to become a party plaintiff.  *See* 29 U.S.C. § 256; *see also Grayson v. K-Mart Corp.*, 79 F.3d 1086, 1106 (11th Cir.), *cert. denied, Helton v. K-Mart*, 519 U.S. 987, 117 S.Ct. 447, 136 L.Ed.2d 342 (1996).  Courts have equitably tolled the statute of limitations in a FLSA action when doing so is in the interest of justice.  *See, e.g., Partlow v. Jewish Orphans' Home of Southern Cal., Inc.*, 645 F.2d 757, 760–61 (9th Cir.1981) (equitable tolling proper where plaintiffs were without fault and "practical effect of not tolling the statute would be to bar forever any claim" the employees had against defendant), *abrogated on other grounds by Hoffman-LaRoche Inc. v. Sperling*, 493 U.S. 165, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989); *see also Beauperthuy v. 24 Hour Fitness USA, Inc.*, 2007 WL 707475 at *8 (N.D.Cal. Mar.6, 2007) (equitably tolling FLSA statute of limitations because of factors outside

plaintiffs' control, including litigation, arbitration and settlement of related action).

Here, equitably tolling the statute of limitations will eliminate any prejudice suffered by potential plaintiffs and preserve their claims that will otherwise be lost as a result of the stay. Therefore, the Court finds that the best way to avoid any unnecessary burdens and expenses and to ensure the rights of any potential class member who would choose to, and have the right to, opt-in at a later date would be to stay this matter and toll the statute of limitations until the Court determines it is appropriate to proceed with the merits of the instant case.  Accordingly,

**IT IS HEREBY ORDERED** that Defendant Omni Limousine's Motion to Stay (ECF No. 8) is **granted** as follows:

1) This case shall be stayed until such time as the Court deems it appropriate to lift the stay, which it will do once the District Court rules on the motions pending in *McSwiggin v. Omni Limousine*, Case No. 2:14-cv-02172-JCM-NJK.

2) The statute of limitations shall be tolled until the Court determines that a stay is no longer necessary.

DATED this 18th day of November, 2016.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge