**James C. Mahan
U.S. District Judge**

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RONALD KEEN and ROBIN MOONEY, | Case No. 2:16-CV-1903 JCM (GWF) |
| Plaintiff(s), | ORDER |
| v. | |
| OMNI LIMOUSINE, | |
| Defendant(s). | |

Presently before the court is plaintiffs Ronald Keen and Robin Mooney's October 25, 2016, motion for circulation of notice. (ECF No. 14).

On November 18, 2016, Magistrate Judge Foley granted defendant Omni Limousine's ("Omni") motion to stay, applying the first-to-file rule to hold that "[t]his case shall be stayed until such time as the Court deems it appropriate to lift the stay, which it will do once the District Court rules on the motion[ to certify class and motion for decertification] pending in *McSwiggin v. Omni Limousine*, Case No. 2:14-cv-02172-JCM-NJK." (ECF No. 18 at 5). Importantly, Magistrate Judge Foley noted that this case was highly similar to *McSwiggin*, which involves "other past and current employees of Omni" who "filed a lawsuit asserting essentially identical claims on behalf of themselves and others similarly situated." (*Id.* at 1).

On January 23, 2017, this court denied both of the specified motions in *McSwiggin*, holding, *inter alia*, that there is no numerosity requirement to form a class under the Fair Labor Standards Act. *See* (ECF No. 70 in Case No. 2:14-cv-02172-JCM-NJK).

At this time, defendant Omni Limousine has not filed a response to the instant motion, in light of Magistrate Judge Foley's April 25, 2017, order extending the stay in this case until June

1  23, 2017, and mooting plaintiffs' request for a briefing schedule as to the motion for circulation of
2  notice.  (ECF No. 36).
3        Additionally, it appears that a June 13, 2017, settlement conference between the two sides
4  was unsuccessful (ECF No. 42) and that the July 7, 2017, deadline imposed by Magistrate Judge
5  Foley for the plaintiffs to file a new motion to lift the stay has elapsed (ECF No. 43).
6        Consequently, this court will lift the stay in this action.  Furthermore, as this court has
7  adjudicated highly pertinent motions in a nearly identical case, *McSwiggin*, the outstanding motion
8  for circulation of notice would be well-served by: (1) integration of the court's reasoning from that
9  case; and—more importantly—(2) discussion of how allowing circulation of notice in this case
10 would not be a practical circumvention of the court's denial of class certification in *McSwiggin*.
11       Therefore, this court will deny the current iteration of the motion for circulation of notice
12 (ECF No. 14), and plaintiffs will have leave to file an amended motion for circulation of notice
13 within twenty-one (21) days of the date of this order.  *Thompson v. Hous. Auth. of City of Los*
14 *Angeles*, 782 F.2d 829, 831 (9th Cir. 1986) ("District courts have inherent power to control their
15 dockets.").  Thereafter, briefing will proceed in conformity with Local Rule 7-2(b).
16       As Judge Foley's November 11, 2016, order equitably tolled the statute of limitations
17 because of the stay (ECF No. 18), the parties are free to argue whether tolling should be reinstated.
18       Accordingly,
19       IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the stay be, and the same
20 hereby is, LIFTED.
21       IT IS FURTHER ORDERED that plaintiffs' motion for circulation of notice (ECF No. 14)
22 be, and the same hereby is, DENIED.
23 . . .
24 . . .
25 . . .
26 . . .
27 . . .
28 . . .

**James C. Mahan**
**U.S. District Judge**

1   IT IS FURTHER ORDERED that plaintiffs shall have leave to file an amended motion for
2   circulation of notice within twenty-one (21) days of the date of this order.  Thereafter, briefing will
3   proceed in conformity with Local Rule 7-2(b).
4   DATED July 26, 2017.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -